## THE INLAND.

(District Court, E. D. New York. March 10, 1921.)

1. **Seamen ☞33—Wrongful discharge entitles to penalty, though not in presence of shipping commissioner.**

   Where the captain, who has authority under Rev. St. § 4511 (Comp. St. § 8300), to hire and discharge seamen, wrongfully discharges men without taking them before the shipping commissioner, as required by statute, the discharge, though illegal, is not void, but releases the men from their obligations to the vessel, and entitles them to recover the penalty for wrongful discharge prescribed by Rev. St. §§ 4527, 4529 (Comp. St. §§ 8318, 8320).

2. **Seamen ☞33—Refusal to accept compromise proposed by commissioner defeats right to penalty.**

   Where seamen who had been discharged by the captain before the termination of the voyage took up with the shipping commissioner the matter whether they were entitled to the statutory penalty, and the commissioner determined the penalty should not be inflicted and attempted to work out a compromise by having the captain retain the men at full pay, the refusal of the men to accept the proposed compromise defeated their right to the penalty, or any other right except to receive wages if they consented to discharge before the commissioner.

In Admiralty. Libel by Leo Ryder and others against the Steamship Inland to recover penalty for wrongful discharge. Libel dismissed.

Frederick R. Graves, of New York City, for libelants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondent.

CHATFIELD, District Judge. The libelant Ryder and six other seamen signed articles at Providence, R. I., for a trip to a coal port in the United States and return. Upon reaching New York the vessel was compelled to go to dry dock. After being on the dock, the chief engineer told some of the men of the engineering force that they would be laid off the next day as a matter of economy, until they were ready to go to sea. This was said to be by direction of the company, with the approval of the captain. The chief engineer notified the men at 5 o'clock on the afternoon of Friday, June 11, 1920. The next morning some of the men had a talk with the captain, in which conversation he offered them 11 days' wages for June and asked them to sign off. They refused, and demanded extra pay for one month in accordance with R. S. U. S. § 4527 (Comp. St. § 8318). The captain did not agree, and after conversation with a delegate of the union, who came on board, the men went back to their quarters. On the following

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Monday morning, as had been suggested by the delegate, they all proceeded before the shipping commissioner, who adjourned the matter till the next day, when the captain, the delegate, and the libelants took the matter up. The shipping commissioner held that the men should go back to work and that the vessel must retain them for the voyage. But no formal decision under section 4554 (Comp. St. § 8343) was made. The following day, which would be Wednesday, the libelants left the ship, and the shipping commissioner thereupon advised the captain to mark them as absent without leave at the time of sailing. They were then marked off as deserters.

There is no serious dispute as to the facts. The vessel was a coasting vessel, and the statutes, which in terms apply to voyages to foreign ports, were made binding through being set forth in the articles signed before a shipping commissioner. 26 Statutes, 320 (Comp. St. § 8293), as amended. Under R. S. U. S. §§ 4526–4551 (Comp. St. §§ 8317–8340), in such a case discharge must be before the shipping commissioner according to statute, and by section 4527 a penalty of one month's wages is granted for wrongful discharge.

In the case of Hughes v. Southern Pacific Co. ( C. C. A. S. D. N. Y.) 273 Fed. ——, decided on the —— day of ——, 19—, it was held that an attempted discharge by a chief engineer, who was seeking to arrange the work in his own department, was not in fact a discharge, either lawfully by the shipping commissioner or unlawfully by the captain, inasmuch as this engineer had not the authority to discharge the libelant. The libelant in that case, having left the ship and refused to return (although the attempted discharge by the chief engineer was disavowed, and the engineer directed to continue his duty before the libelant had done more than send his trunk ashore), the libel was dismissed on the ground that there had been no wrongful discharge.

In the present case the respondent contends that the situation is like that in the Hughes Case, supra, and that the libelants were never actually discharged. The libelants, on the other hand, contend that they were wrongfully discharged by the captain, and that therefore they were entitled to stand upon their wrongful discharge and demand the statutory penalty, including double pay for waiting time. Section 4529.

[1] The captain has authority under section 4511 (Comp. St. § 8300) to hire and to discharge his men. If there could be no discharge of any kind except before a shipping commissioner, then a seaman, wrongfully discharged and left stranded in a foreign port, might upon his return to the United States be confronted with the proposition that he had not been discharged and had deserted, inasmuch as the shipping commissioner had not passed upon his case.

The procedure before the shipping commissioner is a precautionary measure, for the protection of the rights of both parties; but either party may wrongfully ignore the procedure intended for his protection and violate his contract, just as he may violate a statute defining a crime if he does the prohibited acts. If a seaman deserts, he can be marked off, even though he has not gone before the shipping commissioner and notified him of the leaving. If he is put off the ship, and

271 F.—64

in fact discharged, in the sense that the relation of master and servant is severed, the master of the ship may be responsible for the consequences thereof, for the very reason that he has not taken the matter before the shipping commissioner, so as to be protected by due process of law. In the Hughes Case it fortunately turned out for the ship that the preliminary or attempted discharge was abortive, and the consequences were undone before the master of the ship was rendered liable for any act on his own part. The question at issue was not whether the master or the employer might be responsible for the damages inflicted by their servant, the engineer who attempted to discharge the man; the question was rather whether the discharge was valid.

[2] In the present case, the matter which was taken before the shipping commissioner was not to determine whether the discharge was valid, but whether, upon a proposed discharge, admittedly irregular in procedure, the man had become entitled to a penalty. The shipping commissioner evidently determined that the situation was not one where any penalty should be inflicted, and attempted to work out a compromise, by having the captain retain the men with full pay. This the men refused to accept, and thereby lost any right, except to receive the wages due, if they consented to discharge before the commissioner.

The libelants, therefore, are not entitled to recover such penalty as would be incurred upon a wrongful discharge.

Libel dismissed, without costs.